JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, John Prues, appeals from his conviction for domestic violence pursuant to R.C. 2919.25(A). In his two assignments of error, he challenges his conviction as based upon insufficient evidence and contrary to the weight of the evidence. We disagree.
Prues specifically challenges the sufficiency of the evidence to show that he intended to cause his wife harm, and that she, in fact, experienced physical harm. The incident arose when Prues, admittedly angered at his wife's use of his car, forced his wife off the road with the family's other car and then opened the door and "pulled" his wife from the car with both hands. In the course of her forced removal from the car, Prues's wife testified, the keys in her hand were "ground" into her finger, causing a small cut. She also testified that her arm hurt afterward and was visibly bruised for a "couple of days."
Although Prues attempted to discount his wife's injuries as an unintended trivial consequence of his anger, the trial court was entitled to presume that he intended the natural consequences of his actions. See State v. Lott (1990),51 Ohio St.3d 160, 555 N.E.2d 293. Furthermore, his wife's testimony that she suffered soreness and bruising, in addition to a small cut, was sufficient to establish physical harm. We hold, therefore, that there was sufficient evidence to support his conviction. We are further persuaded, upon review of the record, that the trial court did not lose its way or create a manifest miscarriage of justice in finding Prues guilty of domestic violence.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., SUNDERMANN and WINKLER, JJ.